IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ROSA GONZALEZ, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case 2:25-cv-251-DLM-KRS |
| | ) |
| CLARK SMITH and CATHERINE ANNE SEAL, *as personal representative of the Estate of Clark Smith, deceased*, | ) |
| | ) |
|    Defendants. | ) |

## ORDER TO AMEND NOTICE OF REMOVAL

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal. Plaintiff filed a Complaint for Damages and Personal Injury against Clark Smith and Catherine Anne Seal ("Seal"), as personal representative of the Estate of Clark Smith, in the Third Judicial District, Dona Ana County, New Mexico (Doc. 1 at 6). Seal removed to this Court on March 11, 2025, asserting federal court subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332 (a). (*Id.* at 2). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006))*.* As the party asserting federal jurisdiction, Seal bears the burden of pleading and proving subject matter jurisdiction. *Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). Having considered Seal's jurisdictional allegations, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Notice of Removal fails to allege the necessary facts to sustain diversity jurisdiction.

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Complete diversity means that no plaintiff may be a citizen of the same state as any defendant. *Id.* "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (internal quotation marks and citations omitted). Typically, the required showing to invoke diversity jurisdiction is satisfied by the removing defendant filing "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)); *see, e.g., McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010) ("At the point of the filing of the notice of removal, … the defendant need only state the facts upon which jurisdiction is based." (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) "[T]he requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.") (emphasis added))).

### **Citizenship of an Individual**

Citizenship of an individual for diversity-jurisdiction purposes is determined by a person's domicile, and a person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *See Crawley v. Glaze*, 710 F.2d 776, 678 (10th Cir. 1983). Generally speaking, "an allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction

upon the District Court." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

The Notice of Removal asserts that "[t]he Complaint alleges that Plaintiff is a citizen of the State of New Mexico." (*Id.* ¶ 6 (citing State Court Complaint ¶¶ 1-2)). In fact, the cited paragraphs from the Complaint allege that Plaintiff "is a *resident*" of New Mexico. *See* (*id.* at 6, 7 (emphasis added)). In addition, the Notice of Removal asserts that "[t]he Complaint also correctly alleges that Ms. Seal maintains an address in Colorado Springs, Colorado," and that, "*[a]ccordingly*, Ms. Seal is a citizen of Colorado." (*Id.* ¶ 7 (emphasis added)). The Notice of Removal makes a similar assertion as to the decedent, Clark Smith, i.e., he "was a resident of Colorado at the time of his death," and "*[a]ccordingly,* [he] is (or was) a citizen of Colorado.*" (Id.* ¶ 8 (emphasis added)).

The Notice of Removal's allegations that Seal, as well as Plaintiff and Clark Smith, are *citizens* of the designated states (New Mexico and Colorado) are legal conclusions based on allegations of residency. "[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Because residency is not synonymous with citizenship, the Notice of Removal's allegations are insufficient to allege diversity jurisdiction. *See, e.g., Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("The allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Simon v. Taylor,* 455 F. App'x 444, 446 (5th Cir. 2011) ("an allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction"); *Kantrow v. Celebrity Cruises Inc.,* 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) (citing additional cases). This is more than a mere technical defect in the Notice of Removal's allegations regarding the Court's subject matter jurisdiction. Not only is it possible for

3

"one [to] reside in one place but be domiciled in another," *Miss. Band of Choctaw Inds. v. Holyfield*, 490 U.S. 30, 48 (1989), it is not uncommon for an individual to do so. Furthermore, delay in requiring clarification of the matter would "only compound[ ] the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed." *Lowe v. Travelers Home & Marine Ins. Co.*, No. 19-CV-00983-PAB, 2019 WL 1615070, at *1 (D. Colo. Apr. 15, 2019).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that on or before **March 21, 2025**, Seal shall file an amended Notice of Removal that properly alleges all of the elements for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if such an amended Notice of Removal is not filed by March 21, 2025, the Court may recommend that the case be remanded to state court. *See* 28 U.S.C. § 1447(c) ("…. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS SO ORDERED this 13th day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE